UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| GRINNELL MUTUAL REINSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Civil Action No. 3:20-cv-52 |
| SOCIETY INSURANCE COMPANY, LISA GEORGE, E.H. and H.H., | ) ) ) | |
| Defendants. | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Grinnell Mutual Reinsurance Company, for its Complaint for Declaratory Judgment against Defendants Society Insurance Company, Lisa George, H.H. and E.H., states as follows:

### JURISDICTION AND VENUE

1. This is a civil action for declaratory and other relief brought pursuant to the provisions of 28 U.S.C. § 2201 and Fed. R. Civ. P. 57 for the determination of a controversy between Plaintiff Grinnell Mutual Reinsurance Company and Defendants Society Insurance Company, Lisa George, H.H. and E.H. arising out of an insurance contracts.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because this action involves citizens of different states and the amount in controversy, without interest and costs, exceeds the value specified by 28 U.S.C. § 1332 ($75,000.00). In the Underlying Lawsuit (hereinafter defined), it is alleged that

a motor vehicle struck and severely injured George, H.H. and E.H. Further, the Grinnell Mutual Policy (hereinafter defined) provides liability coverage of $1 million per occurrence and $2 million in the aggregate.

3. Pursuant to 28 U.S.C. § 1391(b), venue is proper in this district because a substantial part of the events, namely the incident triggering the insurance claims at issue, occurred in this district.

## PARTIES

4. Plaintiff Grinnell Mutual Reinsurance Company ("Grinnell Mutual") is a mutual insurance company that was incorporated under the laws of the Iowa and is therefore subject to Iowa's corporation laws. *See* Iowa Code §§ 515.1, 490. Grinnell Mutual has its principal place of business in Grinnell, Iowa. Grinnell Mutual is therefore a citizen of Iowa pursuant to 28 U.S.C. § 1332(c)(1).

5. Defendant Society Insurance is a mutual insurance company that was incorporated under the laws of Wisconsin and is therefore subject to Wisconsin's corporation laws. *See* Wisconsin Code §§ 181.0302, 644.03, 644.05. Society Insurance has its principal place of business in Fon du Lac, Wisconsin. Society Insurance is therefore a citizen of Wisconsin pursuant to 28 U.S.C. § 1332(c)(1).

6. Defendant New Boston Tavern, Inc. ("New Boston Tavern") is an Indiana corporation with its principal place of business in Troy, Indiana. Therefore, pursuant to 28 U.S.C. 1332(c)(1), New Boston Tavern is a citizen of Indiana.

7. Defendant Richard Fortwendel ("Fortwendel") is the owner and operator of New Boston Tavern. Fortwendel is a resident and citizen of Indiana.

8. Defendant H.H. is a minor and is a resident and citizen of Indiana.

9. Defendant E. H. is a minor and is a resident citizen of Indiana.

10. Defendant Lisa George ("George") is a resident and citizen of Indiana. George is the mother of H. H. and E. H.

11. George, H. H. and E.H. are named as parties solely to the extent that they claim or may claim an interest in the insurance policies issued by Grinnell Mutual and Society Insurance to Fortwendel and to bind them to the coverage determination of this Court.

## BACKGROUND

12. Grinnell Mutual issued a Personal Liability Policy, Policy No. 592529, to Richard Fortwendel and Barbara Fortwendel with a policy period of June 9, 2018 to June 9, 2019 (the "Grinnell Mutual Policy"). The Grinnell Mutual Policy provides liability coverage of $1 million per occurrence and $2 million in the aggregate. An accurate copy of the Grinnell Mutual Policy, including the Declarations page, is attached as Exhibit 1.

13. Society Insurance issued a Businessowners Policy, Policy No. 588035-3, to New Boston Tavern, Inc., with a policy period of February 2, 2018 to February 2, 2019 (the "Society Policy").

14. On December 18, 2018, Lisa, individually and as mother of H.H. and H.E., and Cheryl Price (collectively, the "Underlying Plaintiffs"), filed their Complaint for Damages against Fortwendel, New Boston Tavern, Taylor Gerber and The Cincinnati Insurance Company in Marion County, Indiana Superior Court No.

5, under cause No. 49D05-1812-CT-049575 (the "Underlying Lawsuit"). The case has since been transferred to Spencer County, Indiana. An accurate copy of the Complaint in the Underlying Lawsuit is attached as Exhibit 2.

15. The Underlying Lawsuit alleges New Boston Tavern and Fortwendel, on July 4 2018, held a "Festival." (Exhibit 2, ¶¶ 8-10).

16. The Underlying Lawsuit alleges the Festival was held in a large field adjacent to New Boston Tavern and that New Boston Tavern and Fortwendel own and maintain the field. (Exhibit 2, ¶ 8).

17. The Underlying Lawsuit alleges the Underlying Plaintiffs attended the Festival. (Exhibit 2, ¶ 10).

18. The Underlying Lawsuit alleges that because of the number of attendees at the Festival, many attendees, including the Underlying Plaintiffs, had to park their vehicles on the sides of State Road 545, near the field where the Festival was held. (Exhibit 2, ¶ 12).

19. The Underlying Lawsuit alleges that once the Festival ended, the Underlying Plaintiffs walked on the side of State Road 545 to return to George's vehicle. (Exhibit 2, ¶ 16).

20. The Underlying Lawsuit alleges that when the Underlying Plaintiffs were walking on the side of SR 545, Gerber was operating a vehicle southbound on SR 545 and that his vehicle rear-ended a vehicle driven by Dustin Snyder. Exhibit 2, ¶¶ 17-19).

21. The Underlying Lawsuit alleges that Gerber's vehicle, because of the impact, careened off the roadway and struck each of the Underlying Plaintiffs, injuring them. (Exhibit 2, ¶ 19).

22. The Underlying Lawsuit alleges the negligence of Fortwendel, New Boston Tavern and Gerber was the legal cause of the Underlying Plaintiffs' injuries. (Exhibit 2, ¶ 22).

23. Fortwendel and New Boston Tavern requested a defense and potential indemnity from Grinnell Mutual and pursuant to the Grinnell Mutual Policy for the Underlying Lawsuit.

24. On January 4, 2019, Grinnell Mutual issued correspondence to Fortwendel and New Boston Tavern and advised in part:

    a) Grinnell Mutual denied coverage under the Grinnell Mutual Policy to New Boston Tavern for the Underlying Lawsuit because New Boston Tavern was not an insured under the Grinnell Mutual Policy and because of the business activities exclusion of the Grinnell Mutual Policy;

    b) Grinnell Mutual, by appointing the law firm of Kightlinger and Gray, LLP, would defend Fortwendel against the Underlying Lawsuit under the Grinnell Mutual Policy subject to a reservation of rights, as there was a question of whether the business activities exclusion of the Grinnell Mutual Policy precluded coverage for the Underlying Lawsuit.

An accurate copy of the January 4, 2019 correspondence is attached as <u>Exhibit 3</u>.

25. In addition, Fortwendel and Boston Tavern requested a defense and potential indemnity from Society Insurance pursuant to the Society Insurance Policy for the Underlying Lawsuit.

26. On or about January 31, 2019, Society Insurance issued correspondence to Fortwendel and New Boston Tavern and stated that it would defend them against the Underlying Lawsuit subject to a reservation of rights. An accurate copy of the January 31, 2019 correspondence is attached as <u>Exhibit 4</u>.

27. Society has appointed the law firm of Lewis Wagner, LLP, to represent Fortwendel and New Boston Tavern against the Underlying Lawsuit.

28. On or about April 15, 2019, counsel for Grinnell Mutual issued correspondence to Society Insurance. In it, counsel for Grinnell Mutual stated that the Grinnell Mutual Policy was excess over the Society Insurance Policy with regard to the Underlying Lawsuit. Therefore, counsel for Grinnell Mutual stated, Grinnell Mutual was tendering to Society Insurance a claim for the defense and indemnity of Fortwendel in the Underlying Lawsuit. An accurate copy of the April 15, 2019 correspondence is attached as <u>Exhibit 5</u>.

29. On or about May 17, 2019, counsel for Society Insurance issued correspondence to counsel for Grinnell Mutual and stated that the "other insurance" provisions of the Society Insurance Policy and the Grinnell Mutual Policy were in conflict, as each declared themselves to be in excess over the other. Therefore, counsel for Society Insurance stated, Society Insurance was responsible only for its pro rata

share of defense costs and denied Grinnell Mutual's tender for defense and indemnity of Fortwendel to the extent the tender exceeded Society Insurance's reservation of rights. An accurate copy of the May 17, 2019 correspondence is attached as <u>Exhibit 6</u>.

30. There exists a present and existing controversy concerning which of the Grinnell Mutual Policy and the Society Insurance Policy provides primary coverage for the Underlying Lawsuit.

31. The damages claimed in the Underlying Lawsuit along with the costs of Grinnell Mutual's defense of Fortwendel and Society Insurance's defense of Fortwendel and New Boston Tavern place the amount in controversy at $75,000 or more.

<u>COUNT I</u>

32. Grinnell Mutual incorporates the allegations stated above.

33. Fortwendel has tendered claims for a defense and potential indemnity to Grinnell Mutual and Society Insurance, and both are defending him against the Underlying Lawsuit subject to reservations of rights.

34. The grant of coverage in the Grinnell Mutual Policy, entitled "Coverage E – Liability to Public" provides coverage for "bodily injury" and "property damage", in pertinent part, as follows:

> Subject to the liability limits shown in the Declarations for **Coverage E – Liability To Public** and the terms of this policy, "we" will pay compensatory damages for which any "insured" becomes legally liable as a result of "bodily injury" or "property damage" caused by an "occurrence" to which this coverage applies.

> If suit is filed against any "insured" for legal damages covered under this policy, "we" will provide a defense using lawyers "we" choose. "We" may investigate and settle any claim or suit as "we" deem appropriate.
>
> **"WE" WILL NOT DEFEND OR INDEMNIFY ANY "INSURED" IF "OUR" LIMIT OF LIABILTY HAS BEEN EXHAUSTED THROUGH PAYMENT OF A JUDGMENT OR SETTLEMENT, TENDER OF THE REMAINDER OF THE POLICY LIMIT TO THE CLERK OF COURT IN AN INTERPLEADER SUIT OR BY ORDER OF COURT, OR ANY COMBINATION OF THE ABOVE. NO LEGAL DEFENSE OR INDEMNIFICATION WILL BE FURNISHED TO ANY "INSURED" IF COVERAGE FOR THE "BODILY INJURY" OR "PROPERTY DAMAGE" DOES NOT EXIST UNDER THIS POLICY.**

(Exhibit 1, p. 3).

35. The Grinnell Mutual Policy contains the following "Other Insurance" provision:

> **F.    Other Insurance – Liability To Public Coverage**
>
> > This insurance is excess over any other valid and collectible insurance except a policy written specifically as excess over this insurance. However, if any other policy or policies of insurance provide excess coverage for the loss under the terms of an other insurance clause, "we" will pay "our" share of the loss. "Our" share is the proportion of the loss that the limit of "our" policy bears to the total of the limits of all the policies. "We" will not pay an amount in excess of "our" limits of liability.

(Exhibit 1, p. 12).

36. The Society Insurance Policy provides that it provides primary coverage unless otherwise stated in its "Other Insurance" provision.

37. The Society Insurance Policy contains the following "Other Insurance" provision:

8

> **H. Other Insurance**
> **1.** If there is other insurance covering the same loss or damage, we will pay only for the amount of covered loss or damage in excess of the amount due from that other insurance, whether you can collect on it or not. But we will not pay more than the applicable Limit of Insurance of **Section I – Property.**
> **2.** Business Liability Coverage is excess over:
> **a.** Any other insurance that insures for direct physical loss or damage; or
> **b.** Any other primary insurance available to you covering liability for damages arising out of the premises or operations for which you have been added as an additional insured by attachment of an endorsement.
> **3.** When this insurance is excess, we will have no duty under Business Liability Coverage to defend any claim or "suit" that any other insurer has a duty to defend. If no other insurer defends, we will undertake to do so; but we will be entitled to the insured's rights against all those other insurers.

38. Subparagraphs H.1. and H.2.a. of the "Other Insurance" provision of the Society Insurance Policy, which purport to identify its excess position relative to other applicable coverage for property damage, not other applicable insurance policies that provide coverage for liability.

39. The liability coverage of the Grinnell Mutual Policy is implicated for purposes of the Underlying Lawsuit, not the property damage coverage.

40. Therefore, Subparagraphs H.1. and H.2.A. of the "Other Insurance" provision of the Society Insurance Policy are inapposite as to the priority of the Society Insurance Policy for the Underlying Lawsuit.

41. The Grinnell Mutual Policy provides that it is excess over any other valid and collectable, and non-excess, insurance policy.

42. The Society Insurance Policy is a valid and collectable, and non-excess, insurance policy.

43. Therefore, the Society Insurance Policy provides primary coverage, and, to the extent there is coverage, the Grinnell Mutual Policy provides excess, for the Underlying Lawsuit.

44. Grinnell Mutual seeks a judicial declaration that the Society Insurance Policy provides primary coverage, and, to the extent there is coverage, the Grinnell Mutual Policy provides excess, for Fortwendel against the Underlying Lawsuit.

WHEREFORE, Plaintiff Grinnell Mutual Reinsurance Company, respectfully requests that the Court issue a judgment determining and declaring that the Society Insurance Businessowners Policy, Policy No. 588035-3, provides primary coverage for Defendant Richard Fortwendel against the Underlying Lawsuit and that, to the extent there is coverage, the Grinnell Mutual Personal Liability Policy, Policy No. 592529, provides secondary coverage for Defendant Richard Fortwendel against the Underlying Lawsuit.  Grinnell Mutual also requests all other appropriate relief.

Dated:  3/4/20    Respectfully submitted,

*/s/ James P. Strenski*
James P. Strenski, #18186-53
Ian P. Goodman, #30645-49

*Counsel for Plaintiff,*
*Grinnell Mutual Reinsurance Company*